IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER POOLE III,          )
                          )
        Plaintiff,        )
                          )
vs.                       )    CIVIL NO. 09-1070-GPM
                          )
DEBBIE ISAACS, *et al.*,  )
                          )
        Defendants.       )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently an inmate in the Pinckneyville Correctional Center, filed this action under 42 U.S.C. §1983 claiming that certain officials at the Big Muddy River Correctional Center (Big Muddy) were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendant Debbie Isaacs, who is the Health Care Unit Administrator at Big Muddy and the only remaining defendant, filed a motion for summary judgment based upon qualified immunity.[1] For the following reasons and for those set forth on the record during the July 25, 2011, motion hearing, Defendant Isaacs is granted summary judgment on the basis of her qualified immunity.

## FACTUAL BACKGROUND

During Plaintiff's confinement at Big Muddy, he was seen for his two-year dental

---

[1] Defendants Michael P. Randle, John D. Evans, and Wexford Health Services were dismissed with prejudice during this Court's initial review of the complaint under 28 U.S.C. § 1915A (*see* Doc. 7). Defendant Dennis J. Meyer was voluntarily dismissed without prejudice on April 5, 2011 (*see* Doc. 51).

examination on September 17, 2007. At that time, he needed two fillings and a tooth extraction, which would be performed at the next visit. Plaintiff contends that he was told at that time that the fillings and extraction would be performed at a follow-up visit. No "follow-up visit" was scheduled. Rather, the Health Care Unit scheduled Plaintiff – erroneously, according to the dental records (*see* Doc. 56-1, p. 2) – for another two-year examination on July 29, 2008. During that appointment, which was ten months after his previous appointment, the dentist, Dr. Malcharek, examined Plaintiff and told him that he would be required to pay a $2.00 co-payment before his tooth would be extracted. Plaintiff objected to the co-payment, refused treatment because he believed that the appointment qualified as a follow-up visit, and stated that he would file a complaint.

Defendant Isaacs, as the Health Care Unit Administrator, monitors Wexford Health Sources employees, including dentists, to ensure compliance with the Administrative Directives and Institutional Directives on the provision of medical and dental care. Occasionally, she reviews grievances regarding the $2.00 co-payment for dental and medical services. When she disagrees with the application of the co-payment, she informs the business office of her decision and requests a refund on behalf of the inmate. Therefore, on July 29, 2008, Dr. Malcharek called Defendant Isaacs into his office to speak with Plaintiff about the $2.00 co-payment for the tooth extraction. Plaintiff alleges that Defendant Isaacs took him into the hallway outside Dr. Malcharek's office and told him to "shut up" and that she would deny any grievance that he filed on the matter. Notably, as of July 25, 2008, Plaintiff had a balance of $55.47 in his Inmate Trust Fund Account.

Plaintiff claims to have filed two grievances regarding the incident. The first grievance, dated July 29, 2008, was never received by the grievance counselor. The second grievance, dated December 3, 2008, was denied; on April 9, 2009, the Administrative Review Board rejected

Plaintiff's appeal as having no merit. Plaintiff did not receive any dental treatment during the grievance and appeal process. On July 15, 2009, Plaintiff received another two-year examination, during which he again argued about the $2.00 co-payment required for the tooth extraction but agreed to schedule the extraction.[2] Finally, on October 14, 2009, Plaintiff authorized the $2.00 co-payment and his tooth was extracted.

Plaintiff asserts that the delay in treatment caused several of his teeth to degenerate to the point of requiring extraction, which caused him great pain, headaches, sensitivity to cold water, and a propensity to choke because he was unable to chew properly. He claims that Defendant Isaacs violated his constitutional rights by denying him adequate dental care based on his refusal to authorize an unwarranted co-payment.

## DISCUSSION

The standard applied to summary judgment motions filed under Rule 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations

---

[2]The two-year examinations are exempt from the $2.00 co-payment.

omitted). The Court is mindful of this standard in its recitation of the facts above.

"The doctrine of qualified immunity shields government officials against suits arising out of their exercise of discretionary functions 'as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Jones v. Wilhelm*, 425 F.3d 455, 460 (7th Cir. 2005), *quoting Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Officers "who act unreasonably or 'who knowingly violate the law'" are not protected by qualified immunity. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1014 (7th Cir.2006), *quoting Hunter v. Bryant*, 502 U.S. 224, 228 (1991). The Court makes two key inquiries in evaluating a qualified immunity defense: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right and (2) whether the constitutional right was clearly established at the time of the alleged violation. *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). "[T]he court may decide these questions in whatever order is best suited to the case at hand." *Id.*, *citing Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

Plaintiff claims that Defendant Isaacs violated his Eighth Amendment rights because, under state law, a follow-up visit is exempt from the $2.00 co-payment requirement. Therefore, he claims, by conditioning his treatment on a co-payment that is not authorized by law, Defendant Isaacs violated his constitutional rights. At the time of the alleged violation, the relevant Illinois statute provided, in pertinent part:

> The Department shall require the committed person receiving medical or dental services on a non-emergency basis to pay a $2 co-payment to the Department for each visit for medical or dental services. The amount of each co-payment shall be deducted from the committed person's individual account. A committed person who has a chronic illness, as defined by Department rules and regulations, shall be exempt from the $2 co-payment for treatment of the chronic illness. A committed person shall not be subject to a $2 co-payment for follow-up visits ordered by a physician, who is employed by, or contracts with, the Department. A committed person who is

> indigent is exempt from the $2 co-payment and is entitled to receive medical or dental services on the same basis as a committed person who is financially able to afford the co-payment.

730 ILCS 5/3-6-2(f) (2009). Even *if* – taking the facts in the light most favorable to Plaintiff – the July 29, 2008, appointment was a follow-up appointment and, therefore, was exempt from a co-payment, a "[m]ere violation of a state statute does not infringe the federal Constitution." *Archie v. City of Racine*, 847 F.2d 1211, 1216 (7th Cir. 1988), *quoting Snowden v. Hughes*, 321 U.S. 1, 11 (1944). "[T]he Constitution does not compel states to follow their own laws. Nor does it permit a federal court to enforce state laws directly." *Allison v. Snyder*, 332 F.3d 1076, 1078–79 (7th Cir.2003) (citations omitted).

Moreover, there is nothing unconstitutional about a regulation that requires an inmate with adequate resources to pay a small portion of his medical care. The Eighth Amendment does not guarantee *free* medical care. *See Martin v. DeBruyn*, 880 F. Supp. 610, 615 (N.D. Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997). Courts consistently have held that a co-payment plan is not unconstitutional. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference); *Hudgins v. DeBruyn*, 922 F. Supp. 144, 150-52 (S.D. Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment).

Defendant Isaacs's conduct, when viewed in the light most favorable to Plaintiff, simply does not rise to the level of a constitutional violation. It is undisputed that Plaintiff had adequate resources to pay the co-payment. Had he authorized the co-payment to receive the treatment that

he claims was necessary in July 2008, he could have challenged the charge through the grievance process. Defendant Isaacs's rejection of any such grievance and assessment of the charge is a potential state law violation that cannot be remedied in this action. *See Archie*, 847 F.2d at 1217 ("federal courts lack the authority to direct state officials to comply with state law"). Consequently, Defendant Isaacs is entitled to qualified immunity because no constitutional violation has been shown.

Moreover, Defendant Isaacs is entitled to qualified immunity under the second relevant inquiry: whether the constitutional right was clearly established at the time of the alleged violation. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Purtell v. Mason*, 527 F.3d 615, 621 (7th Cir. 2008), *quoting Saucier v. Katz*, 533 U.S. 194, 202 (2001). "The basic question is whether the state of the law at the time that [Defendant Isaacs] acted gave [her] reasonable notice that [her] actions violated the Constitution. The focus of [the] inquiry must be the 'objective legal reasonableness' of the official's action. The official must have 'fair warning' that [her] conduct is unconstitutional." *Roe v. Elyea* 631 F.3d 843, 858-59 (7th Cir. 2011) (internal citations omitted).

Defendant Isaacs's insistence that the co-payment be authorized before Plaintiff received treatment was not unreasonable. Dr. Malcharek, the treating dentist, requested the co-payment; Plaintiff's medical records do not indicate a follow-up appointment; and Plaintiff had sufficient resources to pay the co-payment. Based upon these facts, it was reasonable for Defendant Isaacs to agree with the treating dentist that a co-payment was appropriate. Consequently, Defendant Debbie Isaacs is entitled to qualified immunity because her actions were objectively reasonable.

Finally, the Court thanks appointed counsel, Grant Blumenthal of the law firm Tamari & Blumenthal, LLC, for his pro bono service in this case. He is **DISCHARGED** as counsel in this matter. Attorney Blumenthal is advised that he may request reimbursement of recoverable out-of-pocket expenses by submitting a completed and itemized Authorization/Certification for Reimbursement form, which can be found on this Court's website, www.ilsd.uscourts.gov, using the Rules & Forms tab on the home page and selecting Forms for Attorneys. Questions regarding the submission of this form may be addressed to the Clerk's Office at (618) 482-9371.

### Conclusion

For the forgoing reasons, Defendant Isaacs's motion for summary judgment (Doc. 56) is **GRANTED** on the basis of her qualified immunity. All claims having been resolved in this action,[3] the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 08/31/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[3] Plaintiff has not reasserted his claim against Defendant Meyer; therefore, the Court now considers the voluntary dismissal of said defendant to be with prejudice.